Robert B. Mobasseri (SBN 193193)
RobertM@MobasseriLaw.com
Barbara A. Rohr (SBN 273353)
BRohr@MobasseriLaw.com
**LAW OFFICES OF ROBERT B. MOBASSERI, PC**
1055 W. 7th Street, Suite 2140
Los Angeles, California 90017
Tele: (213) 282-2000 | Fax: (213) 282-3000
E-SERVICE: EService@MobasseriLaw.com

Attorneys for Plaintiff LAURIE WETZEL

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION

| | |
|---|---|
| LAURIE WETZEL,<br><br>　　　　Plaintiff,<br>　vs.<br><br>GENERAL MOTORS, LLC; DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | Case No.: 2:20-at-774<br><br>COMPLAINT FOR:<br>1. Breach of Express Warranty under the Magnuson-Moss Warranty Act,<br>　15 U.S.C. §§ 2301, et seq.<br>2. Breach of Implied Warranty of Merchantability under the Magnuson-Moss Warranty Act,<br>　15 U.S.C. §§ 2301, et seq.<br>3. Breach of Express Warranty under Song-Beverly Consumer Warranty Act,<br>　CA Civil Code §§ 1790 et seq.<br>4. Breach of Implied Warranty of Merchantability under Song-Beverly Consumer Warranty Act,<br>　CA Civil Code §§ 1790 et seq.<br><br>DEMAND FOR JURY TRIAL |

1. Plaintiff LAURIE WETZEL ("Plaintiff") brings this action against Defendants GENERAL MOTORS, LLC (hereafter "GM") and DOES 1 through 100, inclusive, and seeks a trial by jury against these defendants.

## JURISDICTION AND VENUE

2. The United States District Court for the Eastern District of California, Sacramento Division, has subject matter jurisdiction over this action because there is minimal diversity, Plaintiff raises claims based on Federal law, and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, per 28 U.S.C. § 1332(a).

3. The United States District Court for the Eastern District of California can exercise supplemental jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)-(c). GM does substantial business in the State of California and within this Judicial District, is registered to and is doing business within the State of California, and otherwise maintains requisite minimum contacts with the State of California.

## GENERAL ALLEGATIONS

5. Plaintiff, at all times relevant a California resident of Placer County, on October 4, 2019 purchased a new 2019 GMC Sierra vehicle manufactured by GM. The vehicle had just 16 miles on the odometer at purchase and was bearing VIN 3GTU9DED5KG242629 ("Vehicle"). The purchase price including financing was $65,933.80. The Vehicle came with an all-inclusive warranty for the lesser of 3-years or 36,000 miles, a "powertrain" warranty for the lesser of 5-years or 60,000 miles, and other warranties. Plaintiff's Vehicle was also sold with an implied warranty of merchantability as recognized by Federal law and California law.

6. Since the purchase, Plaintiff has taken the Vehicle mostly to GM's factory dealership "Reliable GMC" at 400 Automall Drive, Roseville CA 95661 for

repairs. The failures to repair the Vehicle to conform to GM's warranties occurred at that location.

7. In October 2019 with just 1,252 miles on the odometer, Plaintiff presented the Vehicle to Reliable GMC due to several warning lights on the dashboard related to a malfunction of the braking system. Reliable GMC kept the vehicle for two days, diagnosed a faulty Brake Control Module, purportedly repair the Vehicle, and returned the Vehicle to Plaintiff.

8. In December 2019 with just 3,621 miles on the odometer, Plaintiff again presented the Vehicle to Reliable GMC due to warning lights on the dashboard related to a malfunction of the braking system. Reliable GMC kept the Vehicle for one day a, performed "recall" work related to a malfunction in the braking system, and returned the Vehicle to Plaintiff.

9. In January 2020 with just 4,403 miles on the odometer, Plaintiff again presented the Vehicle to Reliable GMC due to warning lights on the dashboard. Reliable GMC kept the Vehicle for two days, diagnosed only "history codes" for a faulty Brake Control Module again, claimed that the Vehicle was no longer symptomatic, and purported to be unable to conduct repairs.

10. In April 2020 with just 8,312 miles per the odometer, Plaintiff again received a brake system malfunction warning on the dashboard of the Vehicle.

11. Additionally, in April 2020, Plaintiff received a second "recall" notice from GM concerning a defect in the braking system of the Vehicle.

12. The Vehicle appears to have a continuing braking system malfunction despite several presentations to GM's factory dealership, as well as multiple "recalls" for braking system malfunctions. Accordingly, Plaintiff in April 2020 demanded a repurchase from GM. GM also has an affirmative duty as a matter of law to offer a repurchase or replacement irrespective of Plaintiff's demand. GM has not offered a repurchase or replacement.

/ / /

# FIRST CAUSE OF ACTION

Breach of Express Warranty under the Magnuson-Moss Warranty Act,

15 U.S.C. Sections 2301, et seq.

(By Plaintiff against GM and all Does)

13. Plaintiff incorporates each allegation set forth in the preceding paragraphs of this complaint.

14. Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(3).

15. GM is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(4) and (5).

16. The Vehicle is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(6).

17. GM issued an express warranty relating to future performance. However, the Vehicle was not repaired to conform to its express warranty despite multiple presentations and opportunities for repair.

18. Plaintiff seeks rescission of the purchase agreement and full restitution of money paid for the Vehicle, as well as incidental and consequential damages as allowed by law.

# SECOND CAUSE OF ACTION

Breach of Implied Warranty of Merchantability under the Magnuson-Moss

Warranty Act, 15 U.S.C. Sections 2301, et seq.

(By Plaintiff against GM and all Does)

19. Plaintiff incorporates each allegation set forth in the preceding paragraphs of this complaint.

20. Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(3).

21. GM is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(4) and (5).

22. The Vehicle is a "consumer product" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. Sections 2301(6).

23. GM breached its implied warranty of merchantability, thereby damaging Plaintiff, because the Vehicles contains a manufacturing defect which, although latent at time of sale, became symptomatic and resulted in both recalls and multiple brake system malfunctions.

24. Plaintiff seeks rescission of the purchase agreement and full restitution of money paid for the Vehicle, as well as incidental and consequential damages as allowed by law.

## THIRD CAUSE OF ACTION

Breach of Express Warranty under Song-Beverly Consumer Warranty Act,

Civil Code Sections 1790 et seq.

(By Plaintiff against GM and all Does)

25. Plaintiff incorporates each allegation set forth in the preceding paragraphs of this complaint.

26. Pursuant to the Song-Beverly Consumer Warranty Act at Civil Code § 1790, *et seq.*, the Vehicle constitutes "consumer goods" purchased or leased primarily for family or household purposes.

27. GM issued an express warranty relating to future performance. However, the Vehicle was not repaired to conform to its express warranty despite multiple presentations and opportunities for repair.

28. Plaintiff elects and demands rescission of the purchase agreement and restitution of all monies paid for the Vehicle (downpayment, monthly payments, finance charges, taxes, registration, and other incidental and consequential expenses), plus additional forms of recovery permitted by Commercial Code Sections 2711, 2712 and 2713, including inspection and transportation costs, plus civil penalties due to GM's failure to repurchase or replace the Vehicle, pursuant to Civil Code Sections 1793.2(d) and Section 1794 for express-warranty violations.

# FOURTH CAUSE OF ACTION

Breach of Implied Warranty of Merchantability in Violation of Song-Beverly Consumer Warranty Act, Civil Code Sections 1790 et seq.

(By Plaintiff against GM and all Does)

29.  Plaintiff incorporates each allegation set forth in the preceding paragraphs of this complaint.

30.  Pursuant to the Song-Beverly Consumer Warranty Act at Civil Code § 1790, *et seq.*, the Vehicle constitutes "consumer goods" purchased or leased primarily for family or household purposes.

31.  GM issued an express warranty relating to future performance. Therefore, under California law Plaintiff also received an implied warranty of merchantability. However, the Vehicle was sold with manufacturing defects which rendered it unfit for ordinary use.

32.  Plaintiff elects and demands rescission of the purchase agreement and restitution of all monies paid for the Vehicle (downpayment, monthly payments, finance charges, taxes, registration, and other incidental and consequential expenses), plus additional forms of recovery permitted by Commercial Code Sections 2711, 2712 and 2713, including inspection and transportation costs, pursuant to Civil Code Section 1794 for implied-warranty violations.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For rescission and full restitution, plus civil penalties as allowed by the Song-Beverly Consumer Warranty Act;
2. Incidental and consequential damages;
3. For pre-judgment interest at the maximum legal rate;
4. For statutory attorney's fees and other costs of suit;

/ / /

/ / /

6
COMPLAINT

5. Any other relief as the Court deems just and proper.


Dated: August 6, 2020			LAW OFFICES OF ROBERT B. MOBASSERI, PC

						By: _____
						Robert B. Mobasseri (SBN 193193)
						Attorneys for Plaintiff LAURIE WETZEL

7
COMPLAINT